

**UNITED STATE DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

FILED

FEB - 7 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**SHARON LYNN ROSS,**

**Plaintiff**

**v.**

CIVIL NO. 3 ; /3CV079

**EQUIFAX INFORMATION SERVICES, LLC.,**

**SERVE:**   Corporation Service Company, Registered Agent
Bank of America Center, 16th Floor
1111 East Main Street
Richmond, VA 23219,

**Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, **SHARON LYNN ROSS**, by counsel, (hereafter collectively

the "Plaintiff") by counsel, and for her complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees

brought pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

### JURISDICTION

2.  The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1367.

Venue is proper as Defendant maintains its registered office within the boundaries for the Eastern

District of Virginia, Richmond Division.

### PARTIES

3.  The Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. §1681a(c).

4.  Upon information and belief, **EQUIFAX INFORMATION SERVICES, LLC.**

("*Equifax*") is a corporation authorized to do business in the State of Virginia through its registered

agent office.

5. Upon information and belief, *Equifax* is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). Upon information and belief, *Equifax* is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

6. Upon information and belief, *Equifax* disburses such consumer reports to third parties under contract for monetary compensation.

## FACTS

7. On or about July 8, 2009 and September 29, 2010 the Plaintiff entered into a Settlement Agreements with *Equifax* with regard to Plaintiff's prior disputes regarding certain accounts and personal identifying information in her Equifax credit report that belonged to an individual who lives in Chicago, Illinois and whose information had been mixed within the Plaintiff's credit file. Attached to the Settlement Agreements as Exhibit "A" was Plaintiff's corrected Consumer Disclosure dated August 4, 2009 and September 29, 2010 respectively, with the disputed information removed.

8. Part of inaccurately reported information that the Plaintiff previously disputed was an address in Illinois that belonged to the person with whom Plaintiff's credit file had been inaccurately mixed.

9. Upon information and belief, at some point after October 2011, *Equifax* reinserted and or re-reported identifying information that belongs to the person with whom Plaintiff's credit file had been inaccurately mixed.

10.    At some point after September 2010, *Equifax* reinserted and/or reported identifying information that belongs to the person with whom Plaintiff's credit file had been inaccurately mixed, who lives in Illinois.

11.    Plaintiff requested and received a copy of her *Equifax* Consumer Disclosure dated October 28, 2012 and upon review, she noticed that a Naperville, Illinois P.O. Box former identifying address had been added to her consumer disclosure.

12.    *Equifax* had actual knowledge of these inaccuracies and deliberately chose to ignore and permit the reinsertion of information that does not belong to the Plaintiff within the Plaintiff's credit file.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681e(b)

13.    The Plaintiff realleges and incorporates paragraphs 1 through 12 above as if fully set out herein.

14.    *Equifax* violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

15.    As a result of this conduct, action and inaction of *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

16.    *Equifax's* conduct, actions and inactions were willful, rendering *Equifax* liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, *Equifax* was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

17.     The Plaintiff is entitled to recover costs and attorney's fees from *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

### COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT
### 15 U.S.C. §1681i(a)

18.     Plaintiff realleges and incorporates paragraphs 1 through 17 above as if fully set out herein.

19.     *Equifax* violated 15 U.S.C. §1681i(a) on multiple occasions by failing to maintain reasonable procedures to prevent the reinsertion of inaccurate and previously deleted of information in the Plaintiff's credit file.

20.     As a result of this conduct, action and inaction of *Equifax*, the Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel:  credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

21.     *Equifax's* conduct, actions and inactions were willful, rendering *Equifax* liable for actual, statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.  In the alternative, *Equifax* was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

22.     The Plaintiff is entitled to recover costs and attorney's fees from *Equifax* in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Your Plaintiff demands judgment for compensatory, statutory and punitive damages against the Defendant; for her attorneys fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**SHARON LYNN ROSS,**

By_____
                    Of Counsel

LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 - Facsimile
E-mail:  lenbennett@clalegal.com

SUSAN M. ROTKIS, VSB #40693
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail: srotkis@clalegal.com

*Counsel for Plaintiff*